18343

Cleveland P. KING, Respondent, v. Charles Samuel MATTOX, Appellant

(142 S. E. (2d) 209)

2

*Messrs. Wyche, Burgess, Freeman & Parham,* of Green-
ville, *for Appellant,*

*W. W. Wilkins, Esq.,* of Greenville, *for Respondent,*

May 10, 1965.

TAYLOR, Chief Justice.

This appeal arises out of an action brought by plaintiff, a
pedestrian, for personal injuries resulting from being struck
by an automobile driven by defendant. The complaint al-
leges the direct and proximate cause of plaintiff's injuries as
being the negligent, careless, reckless and wanton acts of
defendant. Trial resulted in judgment in favor of plaintiff
for $2,408.10 actual damages and $2,591.90 punitive dam-
ages.

Timely motions for nonsuit, directed verdict and for judg-
ment *n. o. v.* were made upon the grounds that plaintiff
failed to prove any act of negligence, willfulness or wanton-

ness on the part of defendant and, alternatively, if defendant was negligent or willful, the only reasonable inference to be drawn from the evidence was that plaintiff was guilty of contributory negligence so as to bar recovery. The motions were refused by the trial Judge and defendant appeals.

In passing upon the question of whether there was error on the part of the trial Judge in refusing dedefendant's motions for nonsuit, directed verdict and judgment *n. o. v.*, the evidence and inferences fairly deducible therefrom must be considered in a light most favorable to plaintiff.

The acts complained of occurred on the morning of December 6, 1963, on U. S. Highway No. 123 between Easley and Greenville. This is a four lane highway, the northern roadway carrying traffic westward toward Easley and the southern roadway carrying traffic eastward toward Greenville. The point of the incident is on the northern roadway between two entrances to the Saco Lowell Shop, the median between the two roadways is approximately fifty feet. Prior to construction of the southern roadway, the northern roadway carried traffic in both directions. It consists of 20 feet of concrete with approximately 2 to 3 feet of tar and gravel on each side. It is straight with visibility of approximately 300 yards in each direction from the point of impact. Plaintiff, who was 79 years of age, lived in Greenville, but worked as ticket agent at the Greyhound Bus Station in Easley. He had ridden with a friend to the entrance of the Saco Lowell Shop nearest Greenville where he got out and proceeded to walk west on the left side of the northern roadway, toward Easley, on the tar and gravel portion. Defendant was proceeding on the northern roadway for westbound traffic and had just passed an Aker Motor Lines' tractor-trailer truck when he struck plaintiff.

The truck driver testified that he was proceeding toward Easley at approximately 48 to 50 MPH, with his lights on, in the right-hand lane, when he observed plaintiff walking

on the left shoulder of the highway; that defendant, with his lights on, passed the truck and he, observing that defendant would hit plaintiff if he continued as he was, blinked his lights to warn defendant and pulled off on the right shoulder to allow defendant more room; that defendant was approximately 6 to 7 car lengths ahead of the truck when he struck plaintiff and then proceeded approximately 300 to 400 feet farther before stopping; that there was no obstruction to prevent defendant from seeing plaintiff, and he heard defendant say that he thought he had hit a road sign.

Defendant contends plaintiff was contributorily negligent by walking on the tar and gravel strip adjacent to the concrete portion of the roadway. It is his position that the tar and gravel portion upon which plaintiff was walking is part of the roadway and not the shoulder or berm.

Section 46-254, Code of Laws of South Carolina, 1962, provides:

"A 'roadway' is that portion of a highway improved, designed or ordinarily used for vehicular travel, exclusive of the shoulder or berm. * * *"

Section 46-436, Code of Laws of South Carolina, 1962, provides:

"Where sidewalks are provided, it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway. Where sidewalks are not provided, any pedestrian walking along and upon a highway shall when practicable walk only on the left side of the roadway or its shoulder, facing traffic which may approach from the opposite direction."

In *Smith v. Canal Ins. Co. et al.,* 228 S. C. 45, 88 S. E. (2d) 780, it was said of the same U. S. Highway 123 before it was dual-laned that "The bride is eighteen feet wide, the highway of concrete twenty feet wide and asphalt shoulders on both sides which were estimated to be two to four feet in width."

Although the tar and gravel strip adjacent to the concrete portion of U. S. Highway 123 is improved it is not ordinarily used for vehicular travel and is, therefore, considered to be the shoulder or berm within the meaning of the Statutes. However, it is further contended that as plaintiff is required by Section 46-436, when practicable, to walk only on the left side of the roadway or its shoulder facing traffic which may approach from the opposite direction his failure to do so constitutes contributory negligence.

Section 1616(28), Code of Laws of South Carolina, 1942, provides that "Every person walking on or along any highway not provided with sidewalks shall walk on the left side of such highway, facing vehicles approaching from the opposite direction."

"* * * In the event a highway includes two or more separate roadways, the term 'roadway' as used in this chapter shall refer to any such roadway separately but not to all such roadways collectively." Section 46-254, Code of Laws of South Carolina, 1962.

Assuming without deciding for the purpose of this appeal that plaintiff was guilty of a technical violation of Section 46-436 of the Code, there is sufficient evidence to warrant the jury in concluding that defendant failed to exercise due care in violation of Section 46-442, Code of Laws of South Carolina, 1962, which provides:

"Notwithstanding the provisions of this article every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway."

From defendant's testimony it may be inferred he was watching the truck just passed rather than the road ahead which was illuminated by the lights of the truck as well as those of defendant. There was more than

sufficient room for defendant to have passed between the truck and plaintiff, who was on the left shoulder There was no evidence that defendant gave plaintiff any warning of his approach by sounding his horn or otherwise. Further, the evidence is that the truck driver blinked his lights to warn defendant and pulled off on the right shoulder to give him more room. After striking plaintiff, defendant traveled approximately 300 to 400 feet more before stopping. It, therefore, became a question for the jury whether defendant was guilty of the negligence, willfulness or wantonness as charged and their findings cannot be said to be without evidentiary support.

For the foregoing reasons we are of opinion that all exceptions should be dismissed and the verdict and judgment appealed from affirmed, and it is so ordered.

Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.